UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINGO R. JIMINEZ**,**

                              Plaintiff,

        -against-

THE HARTFORD, HARTFORD INSURANCE
COMPANY, and TRUMBULL INSURANCE
COMPANY,

                              Defendants.

---

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.,

                              Proposed Intervenor,
        -against-

DOMINGO R. JIMINEZ, THE HARTFORD,
HARTFORD INSURANCE COMPANY, and
TRUMBULL INSURANCE COMPANY,

                              Plaintiff and Defendants.

---

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __5/17/2022_____ |

No. 21 Civ. 01039 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Domingo R. Jiminez ("Plaintiff") commenced this action against Defendants The

Hartford, Hartford Insurance Company, and Trumbull Insurance Company ("Defendants"),

seeking judgment pursuant to Section 5102 of the New York State Insurance Law. Presently

pending before the Court is a motion from Plaintiff's own insurer, State Farm Mutual Automobile

Insurance Company ("State Farm"), wherein it seeks to intervene as a second plaintiff under

Federal Rule of Civil Procedure 24. ("Motion", ECF No. 32.)  For the following reasons, the Court

DENIES State Farm's motion.

## BACKGROUND

**I.      The Accident and the State Court Subrogation Action**

On April 10, 2018, Plaintiff's automobile, a 1997 Honda, was struck in the rear by a 2015 Toyota when Plaintiff was driving on the southbound Henry Hudson Parkway. (Motion Exhibit A, ECF No. 32.)  The 2015 Toyota was operated by Daniel Okaija Okaiteye and was registered to the Permanent Mission of Ghana to the United Nations. (Compl. ¶ 17-19, ECF No. 1.)  Plaintiff alleges that the accident was caused solely by Daniel Okaija Okaiteye's negligence. (Compl. ¶ 24.) Plaintiff states that he sustained "serious and severe personal injuries." (Compl. ¶ 25.)  Daniel Okajia Okaiteye is subject to diplomatic civil immunity under the Vienna Convention.[1] Defendants are insurers of the 2015 Toyota driven by Daniel Okaija Okaiteye.

On the date of the accident, State Farm insured Plaintiff's 1997 Honda.  Plaintiff's automobile insurance policy with State Farm included Additional Personal Injury Protection coverage ("APIP").  Pursuant to the APIP benefit, State Farm paid a total of $61,116.98, to or on behalf of Plaintiff between June 26, 2018 and October 12, 2020, in medical expenses incurred as a result of the April 10, 2018 accident. (State Farm's Memorandum in Support of Motion, "SF Mem." at 1, ECF No. 30-1.)

On February 5, 2021, Plaintiff commenced the instant federal action by filing of the Complaint. (ECF No. 1.)

On March 16, 2021, State Farm commenced a subrogation action[2] in the New York State Supreme Court against Daniel Okaija Okaiteye and the Permanent Mission of Ghana to the United

---

[1] *See Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010); The Vienna Convention on Diplomatic Relations, Apr. 18, 1961, *entered into force with respect to the United States Dec.* 13, 1972, 23 U.S.T. 3227.

[2] State Farm provides that the case is "State Farm Mutual Automobile Insurance Company a/s/o Domingo R. Jiminez v. The Permanent Mission of Ghana to the United Nations and Daniel Okaija Okaiteye, Supreme Court, New York Co. Index No. 152647/2021." (SF Mem. at 2.)

Nations (hereinafter "Okaiteye" and "the Mission"), seeking to recover damages in the sum of $61,116.98 in APIP benefits paid to Plaintiff.

On June 6, 2021, Okaiteye and the Mission moved to dismiss the state court action on the ground that the New York State Supreme Court lacks subject matter and personal jurisdiction due to Okaiteye and the Mission's diplomatic immunity under the Vienna Convention.  State Farm provides that on July 7, 2021, the New York State Supreme Court adjourned the case to September 7, 2021.

State Farm avers that its counsel first learned of Plaintiff's commencement of the instant federal action at an unspecified time between March 16, 2021, on which date State Farm filed the state action, and June 6, 2021, on which date Okaiteye and the Mission moved to dismiss the state action. (SF Mem. at 3.)

## II.    Procedural History

On February 5, 2021, Plaintiff commenced the instant federal action by filing of the Complaint. (ECF No. 1.)  On March 2, 2021, Defendants appeared by verified answer and asserted ten affirmative defense. (ECF No. 14.)  By order dated April 9, 2021, the Court waived the initial pre-trial conference and directed the parties to complete a Case Management Plan and Scheduling Order ("CMPSO") on or before May 11, 2021. (ECF No. 17.)  The CMPSO was timely filed on May 10, 2021 (ECF No. 18).  Among other deadlines, the CMPSO scheduled that (1) joinder of additional parties shall be accomplished by September 7, 2021; (2) non-expert depositions shall be completed by October 4, 2021; and (3) all discovery shall be completed by December 30, 2021. (*Id.*)

On May 20, 2021, State Farm filed a letter motion requesting a pre-motion conference and/or leave to file a motion to intervene. (ECF No. 19.)  By order dated May 27, 2021, the Court

waived the pre-motion conference requirement and granted State Farm leave to file its motion. (ECF No 23.)  On August 11 and 20, 2021, the parties proceeded to file their respective briefings on the instant motion: State Farm their notice of motion (ECF Nos. 24 and 32), proposed order (ECF No. 34), memorandum of law in support of motion (ECF No. 30), declaration (ECF No. 29), and reply memorandum (ECF No. 27); Plaintiff his memorandum in opposition (ECF No. 25); and Defendants their affirmation in opposition (ECF No. 26).

On September 29, 2021, Defendants filed a letter to request an adjournment of the discovery schedule in the CMPSO. (ECF No. 36.)  The Court issued an order on the same day staying the discovery while the instant motion to intervene (ECF No. 32) is pending. (ECF No. 38.)  The order further directed parties to confer and file a new CMPSO within seven days of the Court's opinion and order on the instant motion. (ECF No. 38.)

## LEGAL STANDARD

"Rule 24 of the Federal Rules of Civil Procedure contemplates two distinct species of intervention: intervention of right under Rule 24(a), and permissive intervention under Rule 24(b)." *Giuffre v. Dershowitz*, No. 19 CIV. 3377 (LAP), 2021 WL 5233551, at *3 (S.D.N.Y. Nov. 10, 2021) (citations omitted).

To intervene as of right under Rule 24(a), a proposed intervener must meet each of the following four conditions: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately

represented by other parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.2d 377, 389 (2d Cir. 2006).

Alternatively, a court may permit intervention if the motion is timely and the proposed intervener "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Courts evaluating as-of-right or permissive motions consider the same factors. *See 335-7 LLC v. City of New York*, 524 F. Supp. 316, 326 (S.D.N.Y. 2021). Courts also consider whether the proposed permissive intervention will cause undue delay or prejudice to the original parties. *Id.*

**DISCUSSION**

By its motion, State Farm seeks to intervene in this action as a second plaintiff against Defendants under Rule 24 through an intervention of right, or, alternatively, a permissive intervention. (ECF No. 32.)  Both Plaintiff and Defendants opposed the proposed intervention. Plaintiff asserts that (1) the motion is untimely since the statute of limitations has expired on State Farm's potential action; and (2) State Farm fails to satisfy the requirements of either the federal or the New York State relation back doctrine.  In addition to these two same arguments as Plaintiff, Defendants further assert that State Farm "fails to establish that it has a right to intervene, whether as a matter of right or as a permissive right." (Def. Mem. at 8.)  The Court agrees with Plaintiff and Defendants that State Farm's motion is untimely.  After due consideration, the Court further concludes that State Farm misapplies both the federal and the New York State relation back doctrines.

**I.  Applicability of *Allstate Ins. Co. v. Stein***

At the forefront of the parties' contentions is the timeliness of State Farm's instant motion. Both Plaintiff and Defendants point to *Allstate Ins. Co. v. Stein*, averring that State Farm's motion

to intervene is analogously time-barred by the statute of limitations under CPLR § 214. 1 N.Y.3d 416, 417 (2004).  In *Allstate Ins. Co.*, the New York Court of Appeals held where an automobile insurer seeks to recover the additional personal injury protection ("APIP") benefits paid to the insured motorist against a tortfeasor, the three-year statute of limitations under CPLR § 214 begins to run on the date of the accident, not the date on which the first APIP benefits were paid. 1 N.Y.3d at 417.  The facts at bar parallel *Allstate Ins. Co.* in that State Farm seeks to recover the APIP benefits paid to Plaintiff against Defendants.

State Farm does not dispute that the three-year statute of limitations under CPLR § 214 is applicable.  Nevertheless, State Farm seeks to distinguish *Allstate Ins. Co.* on the ground that the instant action is "a loss transfer pursuant to the New York Insurance Law between two insurers," whereas *Allstate Ins. Co.* involves "traditional equitable subrogation." (SF Mem. at 7.)  The Court finds this argument unpersuasive.

In support of its categorization of the instant action as "a loss transfer pursuant to the New York Insurance Law," State Farm relies on *Allcity Ins. Co. v. Eagle Ins. Co.*, 5 Misc. 3d 547 (Civ. Ct. 2004) and *In re Arb. Between Liberty Mut. Ins. Co. & Hanover Ins. Co.*, 307 A.D.2d 40 (2003), contending that a loss-transfer claim between insurers accrue on the date of first payments, instead of the underlying injury.  State Farm is correct that both *Allcity Ins. Co.* and *In re Arb. Between Liberty Mut. Ins. Co.* involve loss-transfer claims, in which cases the insurer-subrogees' claims accrued on the date of first payment. 5 Misc. 3d at 547; 307 A.D.2d at 41.  However, *Allcity Ins. Co.* and *In re Arb. Between Liberty Mut. Ins. Co.* are distinguishable in that both involves only basic no-fault benefits, or personal injury protection ("PIP") benefits. *See ids*.  In contrast, at issue in both the instant action and *Allstate Ins. Co.* are APIP benefits.  The distinction between PIP benefits and APIP benefits is critical, because as the Court of Appeals points out in *Allstate Ins.*

*Co.*, "no [New York State insurance] statute even refers to APIP benefits, much less a subrogation claim by an APIP carrier against a tortfeasor." *Allstate Ins. Co. v. Stein*, 1 N.Y.3d at 422.

In other words, unlike PIP benefits, no claims for APIP benefits can be a creature of New York insurance statutes. *See Allstate Ins. Co.*; *Aetna Cas. & Sur. Co. v. Jackowe*, 96 A.D.2d 37, 44 (1983) ("The [APIP] benefits paid by Aetna . . . are not . . . part of the no-fault statute. . .") (citing New York Insurance Law § 670 *et seq.* and *Record v. Royal Globe Ins. Co.,* 83 A.D.2d 154, 158 (1981)); *see also Palisades Safety & Ins. Ass'n v. Martinez*, 9 Misc. 3d 1101(A), 806 N.Y.S.2d 446 (Sup. Ct. 2005) (distinguishing statutes of limitations applicable between "traditional equitable subrogation" and "entitlements established or imposed by statute").  Upon close review of the New York State precedents, the Court is of the view that State Farm's instant claim is properly categorized as a traditional subrogation claim, as the one in *Allstate Ins. Co.  See, e.g., Aetna Cas. & Sur. Co.*, 96 A.D.2d at 44 (awarding equitable remedy for insurer's APIP claims in satisfaction of its right of subrogation).  As such, State Farm is misguided in its argument that the instant action resembles *Allcity Ins. Co.* and *In re Arb. Between Liberty Mut. Ins. Co.*

Because *Allstate Ins. Co.* is thus directly on point for limitations purposes, the Court concludes that the three-year statute of limitations under CPLR § 214 has run from April 10, 2018, the date of the accident.

## II.     Relation Back to March 16, 2021 State Subrogation Action

State Farm next maintains that, even if *Allstate Ins. Co.* is applicable, the instant action is nevertheless timely under the relation back doctrine pursuant to Rule 15(c).  Striving for timeliness, State Farm valiantly attempts an inventive use of both the federal and the New York State relation back doctrines: it argues that its intervenor complaint is "in essence an amended pleading which asserts the same subrogation claim interposed in the state court subrogation

action," which "merely changes the party defendants from [Okaiteye and the Mission] to [Defendants]." (SF. Mem. at 5.)  Stated differently, State Farm is seeking to relate its instant, untimely motion back to its timely-filed state court action against a different set of defendants, whom, State Farm argues, are "united in interests" with Defendants in this federal action.  This reasoning overextends the permissible applicability of both the federal and the New York State relation back doctrines.

As a threshold matter, it is undisputed that State Farm's motion is governed by the more generous of the federal and state relation back doctrines. *See* Fed. R. Civ. P. 15(c)(1)(A) (Advisory Committee's notes to the 1991 amendment directing the courts to "assess both the state and federal relation back doctrines and apply whichever law is more generous" where the applicable statute of limitations is determined by state law); *Anderson v. City of Mount Vernon*, No. 09 CIV. 7082 ER PED, 2014 WL 1877092, at *2–3 (S.D.N.Y. Mar. 28, 2014).  The courts in this District consistently find the New York State relation back rule more generous than the federal provision, *see e.g.*, *Anderson,* 2014 WL 1877092, at *3 (finding "unity of interest" requirement in the second prong of the New York test more generous than the parallel federal provision); *Abdell v. City of New York,* No. 05 Civ. 8453(KMK)(JCF), 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006) ("New York relation back doctrine ... is more generous than federal relation back doctrine"),  and all three parties concede that the Court can elect to apply the New York State relation back rule in the instant case.

Closely tracking the language of Federal Rule of Civil Procedure 15(c)(1)(C) [3], New York's relation back doctrine lays out three conditions for a claim against one defendant to relate back to a claim asserted against another:

---

[3] Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment relates back if the claim (1) "arose out of the conduct, transaction, or occurrence set out ... in the original pleading," and if, within 120 days of filing

(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

*Buran v. Coupal,* 661 N.E.2d 978 (1995) (internal quotation omitted). New York Civil Practice Law and Rules Section 203(f), which codifies the doctrine, prescribes that "[a] claim asserted in an *amended pleading* is deemed to have been interposed at the time the claims in the *original pleading* were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."  N.Y. C.P.L.R. 203 (McKinney) (emphases added).

In their oppositions, both Plaintiff and Defendants base their arguments on these statutory conditions: Defendants avers that State Farm fails to meet the second prong on "prejudice" (Def. Mem. at 7), and Plaintiff avers that State Farm fails to satisfy the third prong on "mistake" (Pl. Mem. at 7).  However, the Court need not reach the merits of Plaintiff's and Defendants' arguments on these issues, because State Farm's proposed application of relation back decidedly exceeds the applicability of such doctrines in both state and federal contexts.

As the New York Court of Appeals announces unequivocally in *Buran*, New York's relation back doctrine "enables a plaintiff to correct a pleading error . . . after the statutory limitations period has expired." 87 N.Y.2d at 177.  That is, "a pleading error" before the same court in the same action. *See e.g., Buran,* 661 N.E.2d 978; *Frost v. Monter*, 202 A.D.2d 632 (1994);

---

the original complaint, the proposed defendant (2) "received such notice of the action that [he] will not be prejudiced in defending on the merits," and (3) "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

*Rizzo v. Moseley*, 30 Misc. 3d 773 (Sup. Ct. 2010). State Farm proffers no case,[4] and the Court finds no precedents, in which the New York State courts—or, on this matter, federal courts applying New York law—applied New York's relation back doctrine to enable the correction of a pleading error in an action before a different court.  Aside from the absence of precedents in State Farm's favor, the permission of relation back to a case filed before a different court system further runs counter to the stated purpose of New York's relation back doctrine, which is to "[liberalize] the strict, formalistic *pleading* requirements . . . while at the same time respecting the important policies inherent in statutory repose[.]" *Buran v. Coupal*, 87 N.Y.2d at 177 (internal citations omitted) (emphasis added).

Admittingly, the question at bar, raised by the set of facts involving diplomat-tortfeasors and State Farm's unorthodox usage of relation back doctrine, is an uncommon one that only federal courts could potentially encounter.  However, State Farm is essentially asking this Court to apply the relation back doctrine, either state or federal, to enable State Farm to correct its error of filing an action in state court against defendants over which and whom the state court has no subject matter and personal jurisdiction. This is not an error that is contemplated by, or can be remedied by the relation back doctrine under CPLR § 203.

Similarly, the federal relation back doctrine under Federal Rule of Civil Procedure 15(c), titled "[r]elation [b]ack of [a]mendments," "permits amendment to include a party not named in the original complaint." *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1024 (2d Cir. 1989).  That is, "amendments" within the same federal action, and "original complaint" before

---

[4] State Farm avers that Defendants are "the real party in interest" and cites only *Frost v. Monter*, 202 A.D.2d 632 (1994) in support. This argument is irrelevant to the Court's consideration regarding the applicability of the New York relation back doctrine: even, *assuming arguendo*, State Farm's assertion is true, *Frost* nonetheless lends no support to State Farm in the instant case.  On the contrary, since *Frost* distinguishably involves intervention by an insurer before the same court in one same action, it undermines State Farm's case for intervention.

the same court. *Id.* at 1024-25; *see also Schiavone v. Fortune,* 477 U.S. 21 (1986).  Specifically, Rule 15(c)(1)(C) cannot be invoked to relate back to an action filed in New York State court. *Cf. Levy v. U.S. Gen. Acct. Off.*, 1998 WL 193191, at *5 (S.D.N.Y. Apr. 22, 1998), *aff'd*, 175 F.3d 254 (2d Cir. 1999); *Julian v. Metro. Life Ins. Co.*, 2021 WL 4237047, at *7 (S.D.N.Y. Sept. 1, 2021), *report and recommendation adopted sub nom. Julian v. MetLife, Inc.*, No. 17-CV-0957 (AJN), 2021 WL 4710775 (S.D.N.Y. Oct. 7, 2021).

As is the case with the state doctrine, the purpose of Rule 15(c) is to "operate equably with [the statute of limitations], to accommodate the statute of limitations policies that prevent stale claims from being litigated, and permit their repose." *Levy v. U.S. Gen. Acct. Off.*, 1998 WL 193191, at *6 (S.D.N.Y. Apr. 22, 1998), aff'd, 175 F.3d 254 (2d Cir. 1999).  To permit a relation back of an untimely federal claim to an earlier state case is to fling wide open the door for parties "to circumvent or expand the limitations period," which the Second Circuit expressly prohibits. *Levy*, 175 F.3d at 254.  State Farm fails to cite any case in support of its argument to the contrary, which is unsurprising, since Rule 15(c) has never been applicable in the way State Farm presently and erroneously asserts it to be.

Lastly, the Court also entertained a possible application of the relation back doctrine that State Farm does not raise in its brief: whether State Farm is permitted to relate back to the instant federal claim timely filed by Mr. Jiminez (Plaintiff) on February 5, 2021.  The Court determines that this is equally impermissible because such intervention will result in prejudice to Plaintiff under the second prong of both the state and the federal relation back doctrines.[5]

---

[5] The Court notes that while the language of Rule 15(c) does not expressly treat changing Plaintiffs, the Advisory Committee clarifies in the note that the addition of a new plaintiff is governed by the same "chief consideration" of statutes of limitation policy, and that the rule "extends by analogy to amendments changing plaintiffs." *See* 1966 Advisory Committee Note to Rule 15(c). Under analysis pursuant to either the state or the federal doctrine, Plaintiff Mr. Jiminez cannot be said to have received actual or constructive notice of State Farm's proposed intervention and will accordingly be prejudiced as a potential co-plaintiff

Accordingly, the Court concludes that neither the New York relation back doctrine pursuant to C.P.L.R. § 203, nor the federal relation back doctrine under Rule 15(c)(1)(C), applies to the instant motion.  Because the three-year statute of limitations on State Farm's claim expired on April 10, 2021, State Farm's motion is accordingly time-barred.

## CONCLUSION

For the reasons discussed above, State Farm's motion to intervene as a second plaintiff in action No. 21 Civ. 01039 is DENIED for untimeliness.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32.

Dated: May 17, 2022

White Plains, NY

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge

---

to State Farm in the instant action. *See, e.g., Linares v. Franklin Mfg. Corp.*, 155 A.D.2d 518, 519, 547 N.Y.S.2d 379 (2d Dep't 1989); *Girau v. Europower, Inc.*, 317 F.R.D. 414, 424 (S.D.N.Y. 2016).